**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2189
_____

ESTATE OF MARIE TOMEI, DECEASED BY THE EXECUTOR AD LITEM
JAMES FLANDREAU, ESQUIRE; MARK TOMEI, AS LIMITED
GUARDIAN OF VINCENT TOMEI

v.

H&H MANUFACTURING CO., INC.,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-00641)
District Judge: Hon. Chad F. Kenney
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
Tuesday, March 31, 2020
_____

Before: GREENAWAY, JR., PORTER, and MATEY,
*Circuit Judges*

(Filed: April 3, 2020)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PORTER, *Circuit Judge*.

H&H Manufacturing Co., Inc. ("H&H") appeals the District Court's order granting judgment on the pleadings to the Estate of Marie Tomei—the plaintiff—and Mark Tomei—an intervenor. The parties' dispute concerns the current ownership of 1,000 shares of stock in H&H. But we need not further discuss the merits of this case. No one alleges that the amount in controversy exceeds $75,000. And because the asserted basis of subject-matter jurisdiction is diversity of citizenship, which requires an amount in controversy in excess of $75,000, the District Court lacked subject-matter jurisdiction over this case. For that reason, we will reverse the District Court's order and remand with instructions to dismiss this case without prejudice.

"Federal courts are courts of limited jurisdiction, and when there is a question [about] our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'" *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (citation omitted). And "a federal court always has jurisdiction to determine its jurisdiction," even if a defect exists that would otherwise strip any federal court of subject-matter jurisdiction over a case. *See id.* Plaintiff alleged that the District Court had subject-matter jurisdiction under 28 U.S.C. § 1332. In addition to the complete-diversity requirement, § 1332 also requires that the amount "in controversy exceeds the sum or value of $75,000."

But that is not the case here. The Estate of Marie Tomei alleged that "jurisdiction . . . [was] invoked pursuant to the complete diversity of citizenship of the parties[.]" App. 43. The total value or sum of the disputed shares mentioned in the complaint is

2

$16,117.15. No other allegations in either the Estate of Marie Tomei's complaint or in Mark Tomei's intervenor complaint suggest that the amount in controversy is any more than $16,117.15. Similarly, in its opinion, the District Court concluded that it had subject-matter jurisdiction under § 1332, but it did not address the amount-in-controversy requirement. And we cannot discern from all the documents in the record that the amount in controversy here exceeds $75,000.

*　　*　　*

In short, the District Court lacked subject-matter jurisdiction under § 1332 because no one alleged that the amount in controversy exceeds $75,000. We will therefore reverse the District Court's order and remand with instructions to dismiss this case without prejudice for lack of subject-matter jurisdiction.